UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 10-66-KKC

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.                   **MEMORANDUM OPINION AND ORDER**

DOYLE LAMONT LEE,                                                  DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

In July 2010, a federal grand jury issued a superseding indictment alleging seven (7) drug trafficking charges to have been committed by the Defendant, Doyle Lamont Lee. On October 26, 2010, the Court held a rearraignment hearing during which Lee entered a plea of guilty to Counts Two and Three of the superseding indictment, possession with intent to distribute less than fifty (50) kilograms of marijuana and use of a firearm in furtherance of a drug trafficking offense, violations of 21 U.S.C. §841(a) and 18 U.S.C. §924(c)(1). [R. Nos. 26, 28]. On June 8, 2011, the Court sentenced Lee to a term of imprisonment of twenty one (21) months on Count Two and sixty (60) months on Count Three, to run consecutively with each other. [R. Nos. 58, 60]. The Court also ordered that this eighty-one (81) month term of imprisonment was to run consecutively with Lee's prior thirty-six (36) month imprisonment judgment resulting from his supervised release revocation, 5:98-CR-24-1-KSF, for a total term of 117 months imprisonment. [R. 60].

Thereafter, Lee filed a *pro se* motion to vacate, set aside or correct his sentence pursuant

to 28 U.S.C. § 2255, along with his supplemental memorandum. [R. Nos. 64, 67]. In relevant part, Lee contends that his trial counsel failed to present an argument at sentencing which should have informed the Court of certain mitigating factors, and as a result, the Court ordered Lee's sentence to run consecutively. [R. No. 67]. According to Lee, but for trial counsel's failure to present these mitigating factors, the Court would not have imposed his sentence on Counts Two and Three to run consecutively, and he would have only received a sentence of ninety six (96) months incarceration. [Id., at 4].

The United States has requested that the Court enter an Order finding that Lee has waived his attorney-client privilege with respect to the specific matters raised in his § 2255 motion. [R. 71.] The government contends that, to effectively address Lee's claim, it should be allowed to contact Defendant's former attorney. Further, the government asserts that it intends only to ask Lee's former counsel to divulge information necessary to litigate Lee's ineffective assistance of counsel claim. Contrary to Lee's contentions [R. 73], the United States' motion is appropriate, and his claim of ineffective assistance of counsel is not resolved by the record alone. Allegations that an attorney provided ineffective assistance of counsel in their choice of a litigation strategy waives the privilege with respect to the contents of communications between the attorney and the client to the extent that these communications bore on the attorney's strategic choice. In re Lott, 424 F.3d 446, 453 (6th Cir. 2005) (citing Bittaker v.Woodford, 331 F.3d 715 (9th Cir. 2003)). Accordingly, the Court having considered the matter and being sufficiently advised,

IT IS ORDERED THAT the United States' Motion for Order Finding Waiver of Attorney-Client Privilege [R. 71] is GRANTED. The Court finds that, by alleging ineffective

assistance of counsel, Defendant, Doyle Lamont Lee, has waived his attorney-client privilege with respect to issues raised in his § 2255 petition. The United States may contact Lee's former attorney strictly for the purposes of obtaining only that information which is necessary to respond to Lee's ineffective assistance of counsel claim.

Signed October 11, 2012.

Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge