UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CRIMINAL ACTION NO. 5:10-66-KKC

UNITED STATES OF AMERICA,                                                PLAINTIFF

V.                                    **OPINION AND ORDER**

DOYLE LAMONT LEE,                                                      DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence
(DE 64) filed *pro se* pursuant to 28 U.S.C. § 2255 by the Defendant/Movant, Doyle Lamont Lee,
and the United States' Motion to Dismiss.  (DE 80).  Having considered this matter, the Court
will deny the United States' Motion to Dismiss and will deny the relief sought by the Defendant.
Lee has not shown that he is entitled to habeas relief.  Further, his objections to the Report and
Recommendation of the United States Magistrate Judge are without merit.

# I.

This matter stems from Lee's sentencing on June 8, 2011.  On that day, Lee was before
the Court for sentencing in two matters: a supervised release violation and the underlying crimes
that led to the supervised release violation.  Lee had previously pleaded guilty to possession with
intent to distribute marijuana and to possession of a firearm in furtherance of a trafficking crime.
(DE 26).  This guilty plea meant Lee was also in violation of the conditions of supervised release
imposed following his 1998 conviction for selling, distributing, or dispensing a controlled
substance.  (Case No. 5:98-cr-24-KKC-1, DE 50, 70).  For the violation of his supervised
release, Lee was sentenced to thirty-six months, to be served consecutive with any sentence

imposed in the second criminal matter. (Case No. 5:98-cr-24-KKC-1, DE 102). In the second criminal felony matter, Lee was sentenced to twenty-one months imprisonment for possession with intent to distribute marijuana, sixty months for the possession of a firearm, and four years of supervised release, all to run consecutively to the revocation sentence imposed. Thus, a total sentence of 117 months was imposed. (DE 60; Case No. 5:98-cr-24-KKC-1, DE 102). Lee did not file a direct appeal in this, the second criminal action. (DE 64 at 5).

On June 11, 2012, he filed the instant action pursuant to 28 U.S.C. § 2255 and now argues one ground for relief: that his right to effective assistance of counsel was denied because his attorney failed to argue these imprisonment terms run concurrently rather than consecutively. (*Id.* at 4-5). Lee further claims that the Court abused its discretion by not recognizing its discretion to run sentences concurrently, and erred by not stating on the record why it chose to impose consecutive sentences and analyze the required factors under the sentencing guidelines. (DE 64, 67, 82). Lee claims that his counsel was ineffective in failing to prevent this abuse of discretion when he incorrectly told the Court it was required to run the sentence on the supervised release consecutively with the sentences on the underlying crimes. (*Id.*) In response, the United States argued that Lee failed to show any prejudice cause by any attorney error and moved to dismiss the Lee's motion for lack of jurisdiction. (DE 80).

## II.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court referred this matter to United States Magistrate Judge Edward B. Atkins for proposed findings of facts and recommendations for the disposition. Judge Atkins first recommended that the United States' motion should be denied because a motion under § 2255 is a continuation of the initial criminal proceedings, and the failure to establish grounds for relief does not deny the Court of jurisdiction. (DE 83 at 5). The

Court agrees and will deny the United States' motion. Based on a review of the record and applicable case law, Judge Atkins further concluded that Lee's § 2255 motion be denied because his counsel was not ineffective. Judge Atkins noted that the two-pronged test of *Strickland v. Washington*, 466 U.S. 668 (1986), applies to Lee's claim, and that if Lee cannot satisfy one prong, the Court need not consider the other. Here, Judge Atkins concluded that, based on the applicable statutes, Lee's sentences for the supervised release violation and possession with intent to distribute marijuana were required to run consecutively to the sentence imposed for the possession of the firearm charge. Similarly, Judge Atkins concluded that Lee's sentence for the supervised release violation could not run concurrently with the sentence for possession of marijuana. As a result, Judge Atkins found Lee's counsel was not deficient, because the Court had no discretion to impose sentences concurrently and defense counsel's statement to that effect was correct.

Lee timely filed objections (DE 86) to the Magistrate Judge's Report and Recommendation. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). *See also Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (explaining that the Sixth Circuit "has allowed parties to incorporate prior arguments into their objections to a magistrate judge's report, but we disfavor such practices," and "that parties who fail to make specific objections do so at their own peril.").

In his objections, Lee reframes and reiterates the arguments he has made previously. Lee was convicted under 18 U.S.C. § 924(c)(1) for possession of a firearm in furtherance of a drug trafficking crime. Judge Atkins concluded that statute controlled the sentences imposed here, but Lee does not address 18 U.S.C. § 924(c)(1)(D)(ii), which provides, "no term of imprisonment

imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person."    Instead, Lee again argues that his counsel was ineffective for failing to argue for concurrent sentences and that prejudice resulted.

Lee's attorney did more during the June 11, 2011 sentencing than Lee has suggested. Lee's attorney acknowledged the impact of the 18 U.S.C. § 3553(a) sentencing factors and requested that the Court find "a middle ground" when considering the guideline ranges for the offenses to which Lee pleaded guilty by granting a downward variance.  (DE 76, Sentencing Tr. at 14).  Lee's attorney also asked the Court to consider the time Lee had already served on his original sentence before imposing additional time for the supervised released violation.  (*Id.* at 14-15).  Later, however, the United States specifically asked the Court to run Lee's sentences for the underlying drug charge and also for the supervised release violation consecutive to each other.  (*Id.* at 16-17).  As Lee points out, his attorney told the Court that he "would join in that request" and further, that, "I think the applicable statute mandates that whatever happens with the supervised release has to run consecutive to whatever sentence he gets on the other set of guidelines that you [the Court] are working with today."  (*Id.* at 17).  In response, the Court stated, "You are correct. And for purposes of preserving the record, the Court will make appropriate findings and distinctions."  (*Id.*).  The Court proceeded to make those findings – directly referencing § 3553(a) – and sentenced Lee.  (*Id.* at 17-18).

The Court agrees with Judge Atkins that Lee has not met the two-pronged *Strickland* test. 466 U.S. 668 (1984). *See also Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003) (applying *Strickland* in context of § 2255 motion).   First, Lee must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Second, the deficient performance must have prejudiced Lee.  *Id.* at 687.  To prevail, "the

defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Judge Atkins concluded that there was no deficient performance given the statutory language related to the firearm charge. (DE 80 at 6). Even if it were an error for Lee's counsel to agree with the Government's request for concurrent sentences, Lee has not shown the outcome would have been different. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc). In this case, the Federal Sentencing Guidelines, which the Court referenced earlier in the proceeding, recommend that such sentences be run consecutively. *See* Commentary to U.S.S.G. § 5G1.3. The Court also denied Lee's request for a downward variance. Moreover, and most importantly, the record as whole shows the Court exercised its discretion when imposing consecutive sentences after directly addressing § 3553(a). Because Lee cannot satisfy the two-pronged *Strickland* standard, his motion fails.

Having considered Lee's objections and having made a *de novo* determination, the Court finds the objections to be without merit and hereby adopts the Magistrate Judge's Report and Recommendation by reference.

**III.**

Accordingly, it is HEREBY ORDERED as follows:

(1) The Report and Recommendation of United States Magistrate Judge Edward B. Atkins, issued March 11, 2013 (DE 83) is ADOPTED and INCORPORATED by reference;

(2) The United States' Motion to Dismiss (DE 80) is DENIED;

(3) Defendant/Movant Doyle Lee Lamont's objections to the United States Magistrate Judge's Report and Recommendation (DE 86) are OVERRULED;

(4) Defendant/Movant Doyle Lee Lamont's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 (DE 64) is DENIED; and

(5) Judgment in favor of Plaintiff/Respondent United States of America will be entered contemporaneously herewith and this matter will be STRICKEN from the Court's active docket.

This 22nd day of May, 2013.

Signed By:

_Karen K. Caldwell_

**United States District Judge**